## Multi-Family Council of Southeastern Pennsylvania v. City of Philadelphia

*Howard B. Scher*, for plaintiff.
*Andy P. Bralow*, for defendant.

GOODHEART, *J.*, April 13, 1989 —

# I
## Introduction

This is an action for declaratory and injunctive relief, seeking to have the City of Philadelphia's "Condominium Conversion Privilege Tax" (hereinafter simply, the "condo tax") declared void and unenforceable. A bench trial was held on December 28, 1988. By order dated April 7, 1989, this court declared the condo tax to be void on several grounds, which we now further explain.

# II
## Pre-emption by 68 Pa.C.S. §3106

Plaintiff contends that the Uniform Condominium Act (68 Pa.C.S. §3100, et seq.) expressly pre-empts the city's authority to impose the condo tax. We agree. The language of section 3106 of the Uniform Condominium Act could not be less ambiguous:

"§3106. Applicability of local ordinances, regulations and building codes —

"A zoning, subdivision, building code or other real estate use law, ordinance or regulation may not prohibit the condominium which it would not impose upon a physically identical development under a different form of ownership. . . . "

The owner of a rental apartment building is liable for the condo tax if he converts his building to condominiums. However, if he converts the very same building to cooperative ownership, no tax is due. Clearly, the condo tax imposes a burden on condominiums that it does not impose on property that is identical but for its form of ownership. This violates the plain meaning of section 3106, and for this reason alone, the condo tax is invalid.

### III
### *Violation of the Uniformity Clause*[1]

In addition to the foregoing, the condo tax must also fall because it violates the uniformity clause of the Pennsylvania Constitution.

The uniformity clause provides:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pennsylvania Constitution, Article 8, §1.

The city's condo tax violates this requirement by unconstitutionally dividing identical real estate into different classes for taxation purposes.

In *Madway v. Board for the Assessment and Revision of Taxes,* 427 Pa. 138, 233 A.2d 273 (1967), our Supreme Court, per Roberts, *J.,* observed that the uniformity clause has proved to be something less than a model of clarity:

"The uniformity clause of the Pennsylvania Constitution has followed a path through our courts that is easily as unpredictable and winding as Alice's road through Wonderland. No provision in our constitution has been so much litigated yet so little understood; . . . " *Id.* at 143; 233 A.2d at 276.

The holding in *Madway* is brief and powerful:

"[W]e hold today that *real estate as a subject for taxation may not validly be divided into different classes." Id.* (emphasis supplied)

Because the condo tax is assessed ad valorem upon the building to be converted to condominiums, it seems beyond dispute that, notwithstanding

1. The parties agree that, for the purposes of this discussion, the uniformity clause of the Pennsylvania Constitution and the equal protection clause of the U.S. Constitution impose substantially the same requirement.

its characterization by the city as a *privilege* tax,[2] the condo tax is a tax on real estate, based as it is upon a percentage of assessed valuation, and therefore governed by the uniformity clause.

The problem with the condo tax is apparent when one considers the following situation. Assume that two buildings of equal value exist, one a warehouse, and the other an apartment building. Owing to the uniformity clause, both buildings must carry the same real estate tax burden.[3]

If both buildings are converted to condominiums, only the apartment building's owner pays the condo tax. Nothing is different about these two properties except their prior use, yet one owner pays the tax and the other does not. "When there exists no legitimate distinction between the classes, and thus, the tax scheme imposes substantially unequal burdens upon persons otherwise similarly situated, the tax is unconstitutional." *Leonard v. Thornburgh,* 507 Pa. 317, 489 A.2d 1349 (1985).

## IV
### *Invalid Exercise of Police Power*

As discussed above, the City of Philadelphia cannot prohibit the condominium form of ownership. Since the city cannot prohibit condominiums outright, it also cannot seek to achieve the same end by enactment of a so-called tax ordinance, to do by economic means that which the city cannot do by legislative means. The "condo tax" is such an enactment.

---

2. City's brief, at 12. Indeed, the full name of the condo tax is "The Condominium Conversion *Privilege* Tax." The name, of course, is not controlling as to this point.

3. Assuming, of course, that they are in the same municipality. The differing *uses* of these buildings may make their *total* tax burdens different, but we are only considering *real estate taxes,* and not *use* taxes in this example, and in this case.

It is clear from the evidence in this case[4] that the city's purpose in enacting the condo tax was to *prevent* conversions of rental apartments to condominiums. A legislative aide to Councilwoman Joan Spector, who co-sponsored the bill, testified on behalf of Ms. Spector at City Council's hearings on Bill 709 — which became the condo tax, codified at §19-2300 of the Philadelphia Code — on May 17, 1982. This aide spoke of the need "to aid the victims of condominium conversion." While he went on to discuss how revenues from the condo tax could be used to assist these displaced persons, no such programs were ever established, and the monies collected go into the city's general fund. Indeed, the city provides no additional service, benefit or opportunity to anyone paying the condo tax.

When one weighs the lofty ideals expressed in the public hearings against the cold, hard facts, it seems crystal-clear that the city's sole purpose in enacting Bill 709 was to *prevent* conversions. This is a prohibited purpose, and therefore, the tax is invalid on this basis, as well.

## V
### *Conclusion*

Owing to our holdings *supra,* we need not reach plaintiff's others arguments.

"It is always with reluctance that this court declares a statute unconstitutional . . . " *Madway,* at 146, 233 A.2d at 277. Nonetheless, it is the duty of the courts to protect the citizens from a "legislatively imposed inequality . . . " *Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985). We find that judicial relief is appropriate in the instant case, and for the foregoing reasons, the "condo tax" must fall.

---

4. Most of the facts were agreed to by the parties; this case presents what is primarily a question of law.